IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| TRI-STATE FINANCIAL, LLC, ) | |
| ) | CASE NO. BK08-83016-TJM |
| Debtor(s). ) | A10-8071-TJM |
| THOMAS D. STALNAKER, Chapter 7 Trustee,) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| JAMES G. JANDRAIN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Hearing was held on September 30, 2013, on the defendant's motion to dismiss and motion for summary judgment (Fil. No. 55) and resistance by the plaintiff (Fil. No. 58). David J. Skalka appeared for the plaintiff, and C. Jan Headley appeared for the defendant.

The motion to dismiss is denied. The motion for summary judgment is denied.

The trustee originally filed a two-count complaint to avoid preferences and fraudulent transfers to the defendant. Approximately two-and-one-half years later, the trustee moved to amend the complaint to add three additional claims for relief – breach of duties of good faith and fair dealing, defalcation, and money had and received – based on new information that came to light in the defendant's deposition. No objection was filed, so the motion to amend was granted in due course. The defendant then filed this motion to dismiss and motion for summary judgment.

James Jandrain was a member and managing agent of the debtor and served as chairman of its board of managers. He also worked as a certified public accountant. According to the complaints, the debtor transferred more than $550,000 to Mr. Jandrain in the two years preceding the bankruptcy filing. The trustee was under the impression these payments were for accounting services rendered to the debtor, but learned when he took Mr. Jandrain's deposition that more than half of the payments to Mr. Jandrain were for services as an outside consultant, rather than as an accountant, and duplicated services he allegedly should have been performing as a manager of the debtor. Moreover, these services and payments were not authorized in writing or otherwise approved by the board of managers, according to the trustee. The information about the consulting arrangement prompted the trustee to amend his complaint to include allegations of breach of duties owed to the debtor, as well as claims of defalcation and money had and received.

Mr. Jandrain has moved to dismiss the amended complaint on the grounds that it fails to state a plausible claim for relief, and has moved for summary judgment on the basis that each count in the amended complaint is time-barred by the applicable statutes of limitation.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . ., rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) (citing Twombly, 550 U.S. at 557)). The court must accept a plaintiff's specific factual allegations as true, but is not required to accept a plaintiff's legal conclusions. Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010). As long as the complaint contains "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations, it may proceed. Twombly, 550 U.S. at 556.

Counts I and II of the amended complaint in this case are short on specifics regarding the alleged transfers. They contain some general factual statements and a recitation of the statutory elements. As stated above, the complaint must contain enough facts to support a reasonable expectation that through discovery, the plaintiff will develop evidence to support the allegations. In this case, the plaintiff did conduct discovery and the parties included specific factual allegations in their joint preliminary pretrial statement. The pretrial statement is the operative pleading going forward, Fed. R. Civ. P. 16(d), so the sufficiency or insufficiency of the allegations of the amended complaint is moot.

The defendant seeks the dismissal of Counts III, IV, and V of the amended complaint because they allege causes of action that do not relate back to the originally pled preference and fraudulent transfer causes of action. An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading. Fed. R. Civ. P. 15(c)(1)(B); Fed. R. Bankr. P. 7015. "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly-asserted claims." Mayle v. Felix, 545 U.S. 644, 659 (2005). "[R]elation back has been permitted of amendments that change the legal theory of the action [or] add other claims arising out of the same transaction or occurrence[.]" Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1543 (8th Cir. 1996) (citations omitted). See also Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949, 309 F.3d 1051, 1053 (8th Cir. 2002) (permitting plaintiff's amended complaint containing allegations of gender discrimination under federal and state law to relate back to the original complaint, which alleged breach of duty of fair representation by a labor union to obtain relief for gender discrimination). The facts well pleaded,

and not the theory of recovery or legal conclusions, are what state a cause of action and put a party on notice. Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999).

In this case, Counts III - V are premised on the same operative facts as Counts I and II. The trustee maintains that fraudulent and preferential transfers were made to the defendant, and the three newly added counts simply offer more details as to how those transfers allegedly occurred, in the defendant's capacity as the debtor's managing agent and chair of the debtor's board of managers. The counts all appear to arise out of the same underlying facts, which are sufficient to put the defendant on notice. In addition, because those counts relate back to the original complaint, they are not time-barred by a statute of limitations. Some of the arguments made by the defendant are substantive challenges to the trustee's ability to prove his case. Such arguments are more appropriately made at trial, and this order does not preclude the defendant from doing so.

IT IS ORDERED: The defendant's motion to dismiss and motion for summary judgment (Fil. No. 55) is denied.

DATED:     October 23, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
 *C. Jan Headley
 David J. Skalka
 U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.